UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HARRY HOBBS,

    Petitioner,

    v.                                CAUSE NO. 3:24-CV-444-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Harry Hobbs, by counsel, filed a habeas corpus petition to challenge his sentence for felony rape, criminal deviate conduct, and felony burglary under Case No. 49G01-9309-CF-119274. Following State post-conviction proceedings, on November 1, 2019, the Marion Superior Court resentenced him to forty-five years of incarceration to be served consecutively with the sentences imposed in Case No. 49G01-9303-CF-30398 and Case No. 49G01-9303-CF-31558.

The claims in the petition focus on the November 2019 resentencing, and the relevant facts are as follows. On July 12, 1994, the Marion Superior Court sentenced Hobbs to an aggregate sentence of 120 years in Case No. 49G01-9309-CF-119274 and ordered that this sentence run concurrently with the sentences imposed in Case No. 49G01-9303-CF-30398 and Case No. 49G01-9303-CF-31558. ECF 12-2 at 21-25. In April 2017, Hobbs initiated State post-conviction proceedings, and the Marion Superior Court granted him relief by resentencing him in November 2019. ECF 8-11 at 1-7. The trial

court reduced the sentence to an aggregate sentence of 45 years but ordered it to run consecutively to Case No. 49G01-9303-CF-30398 and Case No. 49G01-9303-CF-31558. *Id.*

In the petition, Hobbs argues that the new sentence issued by the trial court at resentencing violated his right against double jeopardy. He also asserts claims of ineffective assistance of trial counsel and appellate counsel for failing to raise a double jeopardy claim. The throughline of these claims is the contention that his sentence should run from the original sentencing date in July 1994, concurrently with his sentences in Case No. 49G01-9303-CF-30398 and Case No. 49G01-9303-CF-31558, and that, with that starting date and accounting for credit time, Hobbs had already served more than 50 years as of the resentencing date. He maintains that the imposition of additional 45 years (less 604 days of credit time) amounts to a second punishment on the same conviction. As a result, he seeks his immediate release.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction

2

proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Hobbs pursued a direct appeal and post-conviction relief in connection with the July 2019 resentencing. ECF 8-7; ECF 8-14. Though he challenged the sentence on numerous grounds, he did not present the claims in the habeas petition to the State appellate courts. ECF 8-8; ECF 8-12; ECF 8-16; ECF 8-20. As a result, he forfeited his habeas claims under Indiana law, and they are procedurally defaulted. *See Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005) ("Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted; we do not authorize the filing of successive petitions raising forfeited claims."); *Woods v. State*, 701 N.E.2d 1208, 1213 (Ind. 1998) ("It is well established as a general proposition that issues that were or could have been raised on direct appeal are not available in postconviction proceedings and that postconviction is not a super appeal."). Hobbs invited the Indiana Court of Appeals to lift the procedural bar with respect to his habeas claims by seeking authorization to pursue a successive petition for post-conviction relief, but the Indiana Court of Appeals declined to provide such authorization. ECF 8-23, ECF 8-24.

3

The court also considers whether Hobbs has asserted any basis for excusing procedural default. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Notably, the petition suggests that ineffective assistance of counsel prevented Hobbs from presenting a double jeopardy argument to the State courts. "Meritorious claims of ineffective assistance can excuse a procedural default." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). "But those claims must themselves be preserved; in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, a petitioner is required to raise the claims through one full round of state court review, or face procedural default of those claims as well." *Id.* Because Hobbs did not properly present any ineffective assistance of counsel claims regarding double jeopardy to the Indiana appellate courts, they are procedurally defaulted. And, because these ineffective assistance of counsel claims are procedurally defaulted, they cannot serve to excuse the procedurally defaulted nature of his habeas claims.

Hobbs does not appear to offer any other plausible basis for excusing procedural default. Therefore, the court denies the habeas petition because the claims are procedurally defaulted.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Hobbs to proceed further.

For these reasons, the court **DENIES** the habeas corpus petition (ECF 1); **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and **DIRECTS** the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on February 18, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT