UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HARRY HOBBS,

    Petitioner,

    v.                        CAUSE NO. 3:24-CV-444-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Harry Hobbs, by counsel, filed a motion to alter or amend the order denying habeas relief pursuant to Fed. R. Civ. P. 59(e). ECF 18. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In the motion to alter or amend, Hobbs argues that the court erred by finding that the claims were procedurally defaulted. The court's procedural default analysis in the order denying habeas relief was as follows:

> Hobbs pursued a direct appeal and post-conviction relief in connection with the July 2019 resentencing. Though he challenged the sentence on numerous grounds, he did not present the claims in the habeas petition to the State appellate courts. As a result, he forfeited his habeas claims under Indiana law, and they are procedurally defaulted. *See Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005) ("Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted; we do not authorize the filing of successive petitions raising forfeited claims."); *Woods v. State*, 701 N.E.2d 1208, 1213 (Ind. 1998) ("It is well established as a general proposition that issues that were or could have been raised on direct appeal are not available in postconviction proceedings and that postconviction is not a super appeal."). Hobbs invited the Indiana Court of Appeals to lift the procedural bar with respect to his habeas claims by seeking authorization to pursue a successive petition for post-conviction relief, but the Indiana Court of Appeals declined to provide such authorization.

ECF 16 at 3 (citations to the record omitted).

As an initial matter, it is unclear why Hobbs did not present this procedural default argument in a traverse but instead declined to file a traverse, leaving the Warden's procedural default argument entirely unopposed. The court's analysis essentially restates the Warden's analysis in the response brief, and, as detailed below, the unpublished order on which Hobbs now relies was issued before the commencement of this case. Hobbs offers no explanation for the untimely nature of this argument, but, for the sake of completeness, the court will address it below.

Hobbs argues that the court should reconsider this finding based on the unpublished order issued on June 15, 2023, in *Truth v. Sevier*, 1:22-cv-1906 (S. D. Ind. filed Sept. 26, 2022). ECF 18-1. In that case, the Warden argued that the petitioner's claims were procedurally barred by the Indiana Court of Appeals' denial of authorization to pursue a successive petition. The Warden relied on the proposition that

a federal habeas court cannot consider a claim if the State court denied the claim based on an adequate and independent state procedural rule, citing *Thomas v. Williams*, 822 F.3d 378 (7th Cir. 2016). The district court rejected this argument, finding that the standard for authorizing successive petitions indicated that the merit of the claims was a relevant factor and that it could not discern the specific reasons for denying authorization from the State appellate court's summary order. On this basis, the district court concluded that the Warden had not adequately demonstrated procedural default.

The procedural default arguments here are distinguishable from those in *Truth*. The Seventh Circuit Court of Appeals discussed procedural default as follows:

> There are two distinct ways in which a state prisoner can procedurally default a federal claim. The first . . . comes from the independent and adequate state ground doctrine. In the context of federal habeas corpus, the doctrine applies to preclude review where the state courts declined to address a petitioner's federal claims because the petitioner did not meet state procedural requirements. In those cases, the state court judgment rests on an independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction, and instead, finding that the petitioner's claim is procedurally defaulted.
>
> The second comes from the rule that before pursuing post-conviction relief in federal court, a state prisoner must exhaust the remedies available in the courts of the State by giving the state courts an opportunity to act on his claims. Such an opportunity requires that the state prisoner fairly present the federal issue for the state court's review. Thus, when the federal issue was not fairly presented to the state courts and those courts would now hold the claim procedurally barred, the procedural default doctrine precludes federal post-conviction review of the federal claim.

*Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016) (citations and quotations omitted).

Significantly, the Warden in *Truth* invoked the independent and adequate State ground doctrine, contending that the habeas claims were barred by the State appellate

3

court's denial of authorization to pursue a successive petition for post-conviction relief. By contrast, the Warden in this case invoked the fair presentation doctrine, arguing that the habeas claims were procedurally defaulted before Hobbs sought authorization for successive petition when he did not present them on direct appeal or in his first round of post-conviction proceedings. And contrary to Hobbs' representation, the court's analysis did not assume that the State appellate court denied authorization based on procedural grounds; no such assumption was necessary to resolve the procedural default arguments. Because Hobbs has not clearly established a manifest error of law, the court declines to alter the finding of procedural default.

Hobbs also argues that the court should issue a certificate of appealability on the issue of procedural default and on the merits of his claims. Notably, the court denied Hobbs' habeas petition on procedural grounds and did not address the merits of the claims. ECF 16. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that the order denying habeas relief presents a straightforward application of the fair presentation doctrine. Hobbs offers the *Truth* opinion to show that jurists of reason would find this court's analysis debatable, but the *Truth* opinion relates to a different sort of procedural default and does not undermine the procedural

4

ruling in this case. Additionally, the fair presentation doctrine in the context of habeas cases filed by State prisoners is well-established. *See e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, (1999); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004); *Spreitzer v. Schomig*, 219 F.3d 639, 645 (7th Cir. 2000). Consequently, the court cannot find that jurists of reason could debate whether the procedural ruling in this case was correct and declines to issue a certificate of appealability in this case.

For these reasons, the court **DENIES** the motion to alter or amend (ECF 18).

SO ORDERED on March 24, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5